IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

RYAN BONNEAU,

        Plaintiff,

                                             CV 10-942-PK

v.                                          OPINION AND ORDER

LIBERTY MUTUAL INSURANCE COMPANY,

        Defendant.

PAPAK, Magistrate Judge:

        Plaintiff Ryan Bonneau, an incarcerated prisoner proceeding *pro se*, filed this action *in forma pauperis* against his homeowner's insurance provider, defendant Liberty Mutual Insurance Company ("Liberty"), on August 10, 2010. Bonneau alleges that after his home was burglarized in June 2006, Liberty wrongfully refused to provide insurance coverage for Bonneau's loss. By and through his complaint, Bonneau alleges Liberty's liability in connection with ten separately enumerated causes of action arising out of Liberty's alleged refusal to provide insurance coverage. This court has jurisdiction over Bonneau's claims pursuant to 28 U.S.C. § 1332, based on the complete diversity of the parties and the amount in controversy.

        Now before the court is Liberty's motion (#16) to dismiss for failure to state a claim, by

Page 1 - OPINION AND ORDER

and through which Liberty asserts that each of Bonneau's claims is time-barred. For the reasons set forth below, Liberty's motion, ostensibly brought under Federal Civil Procedure Rule 12(b)(6), is construed as a motion for summary judgment under Federal Civil Procedure Rule 56, and the parties are given the opportunity as discussed below to present such additional material as may be pertinent to the motion so construed.

## LEGAL STANDARD

> If, on a motion under Rule 12(b)(6) or 12(c), matters outside the pleadings are presented to and not excluded by the court, the motion must be treated as one for summary judgment under Rule 56. All parties must be given a reasonable opportunity to present all the material that is pertinent to the motion.

Fed. R. Civ. P. 12(d).

## MATERIAL FACTS

### I. The Parties' Dispute[1]

At times material to Bonneau's claims, Bonneau resided at 13515 NE Marine Drive in Portland. Beginning in January 2005, Bonneau entered into an insurance contract with Liberty, pursuant to which Liberty agreed to insure the premises located at 13515 NE Marine Drive, with $75,000 in personal property coverage and $500,000 in additional "umbrella" coverage.

The 13515 NE Marine Drive premises were burglarized in June 2006. Local law enforcement was contacted. Bonneau filed a claim with Liberty, and thereafter cooperated with Liberty's efforts to investigate the claim. Liberty refused to pay the claim. Bonneau alleges that, in conducting its investigation and/or in refusing to pay Bonneau's claim, Liberty "used bad faith,

---

[1] Except where otherwise indicated, the following recitation constitutes the court's construal of the allegations contained in Bonneau's pleading, assuming the truth of all allegations of fact.

Page 2 - OPINION AND ORDER

unscrupulous business practices, coercion, intimidation, harassment, and intentional infliction of emotional distress. . . ."

## II. Relevant Procedural History

Bonneau filed this action against Liberty on August 10, 2010. Bonneau alleges Liberty's liability in connection with the following claims: one claim styled as "bad faith" and another as "breach of duty; lack of good faith," a claim styled as "breach of affirmative duty of care," a claim styled as "duty to defend," two claims styled as claims for intentional infliction of emotional distress, two claims styled as claims for negligence, a claim styled as "injuries to persons or rights not arising on contract," and a claim for breach of contract. Bonneau provides no specificity as to the grounds for which each claim so-styled is alleged, and no means of differentiating the claims bearing identical or closely related captions.

On January 31, 2011, Liberty filed its motion to dismiss. The sole ground advanced in support of Liberty's motion was that all of Bonneau's claims are time-barred under Or. Rev. Stat. 742.240 and 12.110. In opposition to Liberty's motion, Bonneau argued, *inter alia*, that it was not apparent on the face of his complaint that Or. Rev. Stat. 742.240 had any bearing on any of his claims, noting that the only way to determine the applicability of Section 240 would be to analyze the terms of the parties' insurance contract. Apparently in response to that argument, Liberty offered into evidence the parties' insurance contract.

## ANALYSIS

Bonneau is correct that the validity of Liberty's argument in support of its motion depends in large part on the existence of at least one fact not alleged in Bonneau's pleading. Liberty has offered evidence into the record by which the court may determine the existence of that fact or

Page 3 - OPINION AND ORDER

those facts. Because Liberty's motion may not be granted absent reference to such fact or facts, I deem it inappropriate to exclude Liberty's evidentiary submission, and instead construe Liberty's motion as a motion for summary judgment under Federal Civil Procedure Rule 56. *See* Fed. R. Civ. P. 12(d).

In order to ensure that all parties are given a reasonable opportunity to present all evidentiary material that may be pertinent to Liberty's motion as construed, Liberty is directed to file, within thirty days of the date hereof, a supplemental legal memorandum in support of its constructive summary judgment motion together with any additional affidavits or such other evidence as it deems provident to offer in support thereof. Such supplemental memorandum shall address with specificity the application of Liberty's arguments to each of Bonneau's claims. In the alternative to the foregoing, Liberty may withdraw its motion and file in its stead, within thirty days of the date hereof, a motion for a more definite statement of some or all of Bonneau's claims, in the event it is unable to determine either the nature of the claims, the grounds on which they are alleged, or the date or dates on which they accrued. In the event Liberty files the foredescribed supplemental memorandum in support of its constructive motion for summary judgment, Bonneau shall within thirty days thereafter file a supplemental response in support of his opposition to Liberty's motion, together with any affidavits or other evidence he may deem pertinent.

## CONCLUSION

For the reasons set forth above, Liberty's motion (#16) is construed as a motion for summary judgment. Liberty is directed either to file, within thirty days of the date hereof, a supplemental legal memorandum in support of its constructive summary judgment motion as

Page 4 - OPINION AND ORDER

discussed above, together with any appropriate additional supporting materials, or, in the alternative, to withdraw its motion and to file, within thirty days of the date hereof, a motion for a more definite statement of some or all of Bonneau's claims. In the event Liberty files a supplemental memorandum in support of its constructive motion for summary judgment, Bonneau shall within thirty days thereafter file a supplemental response in support of his opposition to Liberty's motion, together with any affidavits or other evidence he may deem pertinent.

Dated this 5th day of October, 2011.

Honorable Paul Papak
United States Magistrate Judge