IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

RYAN FRANK BONNEAU,

    Plaintiff,

v.

LIBERTY MUTUAL INSURANCE COMPANY,

    Defendant.

3:10-CV-942-PK

OPINION AND ORDER

PAPAK, Magistrate Judge:

Plaintiff Ryan Bonneau, an incarcerated prisoner proceeding *pro se*, filed this action *in forma pauperis* against his homeowner's insurance provider, defendant Liberty Mutual Insurance Company ("Liberty"), on August 10, 2010. Bonneau alleges that after his home was burglarized in June 2006, Liberty wrongfully refused to provide insurance coverage for Bonneau's loss. By and through his complaint, Bonneau alleges Liberty's liability in connection with ten separately

Page 1 - OPINION AND ORDER

enumerated causes of action arising out of Liberty's alleged refusal to provide insurance coverage. This court has jurisdiction over Bonneau's claims pursuant to 28 U.S.C. § 1332, based on the complete diversity of the parties and the amount in controversy.

Now before the court is Liberty's motion (#16) for a more definite statement of Bonneau's claims. For the reasons set forth below, Liberty's motion is granted in part and denied in part as discussed below, and Bonneau is directed to file an amended pleading curing the defects noted below, within 30 days of the date hereof.

## LEGAL STANDARDS

Federal Civil Procedure Rule 12(e) provides, in relevant part, as follows:

> A party may move for a more definite statement of a pleading to which a responsive pleading is allowed but which is so vague or ambiguous that the party cannot reasonably prepare a response. The motion must be made before filing a responsive pleading and must point out the defects complained of and the details desired. If the court orders a more definite statement and the order is not obeyed within 14 days after notice of the order or within the time the court sets, the court may strike the pleading or issue any other appropriate order.

Fed. R. Civ. P. 12(e). Motions for more a definite statement are disfavored and are "proper only where the complaint is so indefinite that the defendant cannot ascertain the nature of the claim being asserted." *Sagan v. Apple Computer, Inc.*, 874 F. Supp. 1072, 1077 (C.D. Cal.1994). Where a responsive pleading can reasonably be framed, a motion for more definite statement should be denied. *See, e.g., Bureerong v. Uvawas*, 922 F. Supp. 1450, 1461 (C.D. Cal. 1996); *see also* Fed. R. Civ. P. 12(e). Similarly, where the detail sought by a motion for more definite statement is available through discovery, the motion should be denied. *See Beery v. Hitachi Home Elecs. (Am.)*, 157 F.R.D. 477, 480 (C.D. Cal. 1993).

## FACTUAL BACKGROUND

### I. The Parties' Dispute[1]

At times material to Bonneau's claims, Bonneau resided at 13515 NE Marine Drive in Portland. Beginning in January 2005, Bonneau entered into an insurance contract with Liberty, pursuant to which Liberty agreed to insure the premises located at 13515 NE Marine Drive, with $75,000 in personal property coverage and $500,000 in additional "umbrella" coverage.

The 13515 NE Marine Drive premises were burglarized in June 2006. Local law enforcement was contacted. Bonneau filed a claim with Liberty, and thereafter cooperated with Liberty's efforts to investigate the claim. Liberty refused to pay the claim. Bonneau alleges that, in conducting its investigation and/or in refusing to pay Bonneau's claim, Liberty "used bad faith, unscrupulous business practices, coercion, intimidation, harassment, and intentional infliction of emotional distress. . . ."

### II. Relevant Procedural History

Bonneau filed this action against Liberty on August 10, 2010. Bonneau alleges Liberty's liability in connection with the following claims pled in his complaint: one claim styled as "bad faith" and another as "breach of duty; lack of good faith," a claim styled as "breach of affirmative duty of care," a claim styled as "duty to defend," two claims styled as claims for intentional infliction of emotional distress, two claims styled as claims for negligence, a claim styled as "injuries to persons or rights not arising on contract," and a claim for breach of contract. Bonneau provides no specificity as to the grounds for which each claim so-styled is alleged, and

---

[1] The following recitation constitutes the court's construal of the allegations contained in Bonneau's pleading. I make no finding at this time regarding the accuracy or plausibility of Bonneau's allegations.

Page 3 - OPINION AND ORDER

no means of differentiating the claims bearing identical or closely related captions.

On January 31, 2011, Liberty filed a motion to dismiss. In support of its motion, Liberty offered into evidence a copy of the parties' insurance contract. Consequently, I construed Liberty's motion as a motion for summary judgment, and directed Liberty either to file a supplemental brief in support of its motion so construed, or to withdraw its motion and file in its stead a motion for a more definite statement. Liberty subsequently withdrew its construed summary judgment motion, and filed the motion for a more definite statement that is now before the court.

## ANALYSIS

Defendant liberty moves that the court order plaintiff Bonneau to amend his pleading to provide a more definite statement of his claims:

1) By including in the complaint a copy of the insurance policy at issue in this case (a copy of this policy has been supplied to plaintiff in a previous pleading);

2) By alleging with particularity the facts by which plaintiff's claim is not time-barred under the two-year (24 month) statute of limitations period found in ORS 12.110 and the policy/ORS 742.240; and

3) By alleging, for each claim asserted, the date plaintiff contends the claim accrued, and explaining how that date was determined.

Liberty argues that it is entitled to a more definite statement of Bonneau's claims providing the details specified because it appears on the face of Bonneau's complaint that each asserted claim is time-barred, and because Liberty is entitled to understand Bonneau's theory as to how his claims escape preclusion under the applicable statute of limitations before preparing its responsive pleading. Liberty's argument is unpersuasive.

First, Bonneau's failure to plead grounds for concluding that his claims are not time-barred does not prevent Liberty from framing a pleading responsive to Bonneau's complaint. If Liberty believes that it can ascertain on the face of Bonneau's complaint that his claims are time-barred without need for recourse to evidentiary facts not contained within Bonneau's pleading, it can either move to dismiss Bonneau's claims on statute of limitations grounds (without relying on evidence extraneous to the Bonneau's pleading), or can prepare an answer in which the applicable statute of limitations is pled as an affirmative defense. Second, whatever defects may be in Bonneau's allegations, it would clearly be inappropriate to require Bonneau to attach as an exhibit to his complaint a copy of the parties' insurance policy: Liberty is entitled to a short, plain statement of Bonneau's claims, but not, at this stage, to the evidentiary basis therefor; moreover, as Bonneau indicates in his opposition memorandum, Liberty over-reaches by requesting that Bonneau adduce to his complaint a copy of the insurance policy provided to Bonneau by Liberty and containing attachments and riders Bonneau claims to lack all knowledge of.

Nevertheless, analysis of Bonneau's complaint establishes that at least some of Bonneau's claims are so indefinitely pled that no responsive pleading could intelligibly be prepared to answer them. By way of illustrative example, Bonneau's seventh claim for relief is pled in full as follows:

> [7.] INJURIES TO PERSON OR RIGHTS NOT ARISING ON CONTRACT
>
> The defendant caused injuries to plaintiff thus liable under ORS 12.110.

Complaint at 5. It is impossible to determine the nature of the injury Liberty is alleged by and through Bonneau's seventh claim to have caused Bonneau to suffer, what actions or omissions by

Page 5 - OPINION AND ORDER

Liberty are alleged to have caused the unspecified injury, or the time the unspecified injury is alleged to have occurred. Compounding the unintelligibility of the claim is the reference to liability "under ORS 12.110": Or. Rev. Stat. 12.110 is a statute of limitations, and does not give rise to any independent cause of action.

Because some or all of Bonneau's claims are so indefinitely pled as to prevent Liberty from ascertaining the nature of the claims against it, Liberty's motion for a more definite statement is granted in part and denied in part as follows. The motion is denied to the extent that Liberty seeks an order compelling Bonneau to amend his pleading "[b]y including in . . . a copy of the insurance policy at issue in this case" and "[b]y alleging with particularity the facts by which plaintiff's claim is not time-barred under the two-year (24 month) statute of limitations period found in ORS 12.110 and the policy/ORS 742.240," and is otherwise granted. Bonneau is directed to file within thirty days of the date hereof an amended complaint, setting forth as to each claim therein alleged a short and plain statement of the nature of the claim, a short and plain statement of the grounds on which the claim is alleged, and a short and plain statement of the approximate date on which the claim accrued and/or the approximate date on which Bonneau's complained-of injury occurred.

## CONCLUSION

For the reasons set forth above, Liberty's motion (#39) for a more definite statement of Bonneau's claims is granted in part and denied in part as discussed above. Bonneau is directed to file within thirty days of the date hereof an amended complaint, setting forth as to each claim therein alleged a short and plain statement of the nature of the claim, a short and plain statement of the grounds on which the claim is alleged, and a short and plain statement of the approximate

date on which the claim accrued and/or the approximate date on which Bonneau's complained-of injury occurred.

Dated this 16th day of December, 2011.

/s/ Paul Papak
Honorable Paul Papak
United States Magistrate Judge

Page 7 - OPINION AND ORDER